No. 929 October 22, 2025 451

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. M. B.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

J. M. B.,
*Appellant.*

Yamhill County Circuit Court
14JU01552; A180396

Cynthia L. Easterday, Judge.

Argued and submitted September 13, 2024.

Ginger Fitch argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Youth appeals from an order directing him to report as a sex offender under ORS 163A.025. The juvenile court determined that, because youth failed to appear at the time and place of the contested hearing on his reporting status, he had failed to meet his burden to prove that he was rehabilitated and did not pose a safety threat to the public as required by ORS 163A.030(6)(b). On appeal, youth contends that the court erred in ordering him to report based on his failure to appear, because he had not received adequate notice of the hearing. Youth additionally argues that the court erred by denying his request to appear by phone and declining to set over the hearing. We conclude that, because the record does not support a conclusion that youth received constitutionally adequate notice that the court was requiring his in-person attendance at the hearing, the juvenile court erred in ordering him to report as a sex offender based on his failure to appear at the hearing. That conclusion obviates the need to reach youth's remaining challenges. Accordingly, we reverse and remand.

We set out a limited recitation of the unique procedural facts, which are undisputed, for this nonprecedential memorandum opinion. In 2014, youth, who was 13 years old, was adjudicated to be within the juvenile court's jurisdiction, based on conduct that, if committed by an adult, would constitute first degree sodomy, first degree sexual abuse, second degree sexual abuse, and harassment, and was placed in the custody of the Oregon Youth Authority (OYA). In February 2022, the court terminated youth's supervision by OYA but it retained jurisdiction to determine whether or not he needed to report as a sex offender. At that time, a date in April was set for the reporting hearing, and the court explained that youth was "welcome to appear either by Webex or in-person, whatever works the best for your calendar and your access to internet." The April hearing was set over due to a psychological evaluation not being complete. The hearing was rescheduled multiple times over the spring and summer, due to family emergencies and illness.

In September, counsel for both sides appeared at a hearing, but youth was not present. His attorney had not

been able to reach him to notify him about the most recently rescheduled hearing date. The juvenile court denied the state's motion to order youth to report by default as provided by ORS 163A.030(6)(b), noting that it was not comfortable defaulting him when there was no evidence that he knew about the hearing.[1] Another hearing was scheduled for October, and youth again did not appear. Youth's counsel maintained that she still had been unable to reach him to notify him about the hearing. The court again concluded that requiring him to report by default when he did not have notice of the hearing did not seem consistent with due process. The court requested arguments from the parties about whose responsibility it was to locate youth and notify him of the hearing, noting that the court was disinclined to hold the issue over indefinitely but did not feel comfortable defaulting him until there was clarity as to what type of notice that youth should receive. Another hearing was scheduled for December before a different judge.

Youth did not appear at the December hearing. Youth's counsel told the juvenile court that she had finally been able to reach youth to notify him about the date, but indicated that youth was out of state at the time and did not have the financial means to travel back to Oregon. She informed the court that the state did not object to her proposition that youth be allowed to appear via telephone, but that the prior day she had been informally notified that the court would not be allowing remote appearance. The court confirmed that it was requiring youth to appear "here in court" if he wanted relief from reporting. The state again argued for default, asserting that youth knew about the hearing and noting that he had repeatedly failed to show up to court and had outstanding warrants for other criminal charges. The state also reiterated its position that it had no means or obligation to notify him about the hearing. Ultimately, the court was convinced by the state's arguments and concluded that, under ORS 163A.030(6)(b), youth failed to appear at the hearing and was, therefore, being ordered to report as a sex offender. Youth timely appeals.

---

[1] ORS 163A.030(6)(b) provides: "If a person fails to appear at a hearing described in this section, the court may enter an order requiring the person to report as a sex offender under ORS 163A.025."

On appeal, youth asserts that the juvenile court could not determine that he "failed to appear" because he had not received notice sufficiently in advance of the hearing. We agree that, under the unique circumstances of this case, the record does not demonstrate that youth received constitutionally adequate notice that the juvenile court was requiring his in-person attendance in order to avoid a default order to report as a sex offender.[2]

Fundamental principles of due process require that an individual be provided with notice and an opportunity to be heard, prior to deprivation of their liberty. *Mathews v. Eldridge*, 424 US 319, 332, 348-49, 96 S Ct 893, 47 L Ed 2d 18 (1976); *see also Noble v. Board of Parole*, 327 Or 485, 496, 964 P2d 990 (holding that a decision to designate an individual as a sex offender implicates due process protections under the Fourteenth Amendment to the United States Constitution). Due process requires that interested parties receive notice reasonably calculated under the circumstances to apprise them of the pendency of an action and afford them an opportunity to present their objections. *Dept. of Human Services v. K. L.*, 272 Or App 216, 223, 355 P3d 926 (2015) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950)). The notice required will vary with the circumstances. *Id.* at 223-24 (citing *Walker v. Hutchinson*, 352 US 112, 115, 77 S Ct 200, 1 L Ed 2d 178 (1956)).

It is undisputed that youth was out of state by the time he received notice of the hearing date, and it is unchallenged that he did not have the financial means to travel to Oregon in time for the hearing.[3] Youth's counsel represented

---

[2] Although the parties dispute whether the state had any obligation to provide youth with notice of the hearing, we do not reach that issue given the unique circumstances of this case. We note that ORS 163A.030(3)(c) requires the juvenile court to notify all parties of an initial hearing date on the matter of reporting. The statutory framework does not directly address any process for handling rescheduled hearings. Given our conclusion that youth did not receive sufficient notice that he was required to appear in person when the juvenile court had earlier allowed him to appear remotely, we do not address the burden issue.

[3] Under the circumstances of this case, whether youth had willfully left the state in contravention of his release agreement on his other pending matters is not relevant to whether he had adequate notice that he was required to appear in person for the reporting hearing. This is not a situation where a youth had adequate notice of a hearing and then left the state.

that she was not aware until the day before the hearing that youth would not be allowed to appear telephonically. The state asserts that, all along, the parties had an implied understanding that youth's in-person appearance would be required; however, that is directly contradicted by what youth was told at the February scheduling hearing. At that point, the first judge told youth that, for the actual hearing on the merits of requiring him to report, he was "welcome to appear either by Webex or in-person, whatever works the best for your calendar and your access to internet." The record lacks any evidence that youth was ever informed that that was no longer the case until, at the earliest, his attorney informed him on the day before the hearing. We conclude that one day's notice of a change in the required manner of appearance when youth was out of state was not sufficient to satisfy the notice requirements of due process.

The state maintains that the juvenile court permissibly found that youth knew that he was obligated to appear in person at the December 2022 hearing. However, the record contains no such explicit finding by the juvenile court. The court's only finding was that youth failed to appear and was in default. To the extent that that finding carries the implicit finding that youth received sufficient notice, there is nothing in the record to support such a determination. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.